IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

CUSTOM CUPBOARDS, INC.,

          *Plaintiff*,

vs.

VENJAKOB MASCHINEBAU GMBH & CO. KG,

          *Defendant.*

Case No. 09-1226-EFM

**MEMORANDUM AND ORDER**

Defendant has been here before. Defendant filed for removal in 2008 asserting that Plaintiff fraudulently joined a non-diverse party in an effort to defeat diversity jurisdiction. The Court remanded the case to state court finding that Plaintiff's claim, while minimal, satisfied Kansas' pleading standards. After the case was remanded, Plaintiff dismissed the non-diverse defendant six months later. Defendant again removed the case although more than one year had passed since the initial action had been filed. This matter is before the Court on Plaintiff's second motion to remand this case to state court (Doc. 8). The matter has now been fully briefed. For the following reasons, the Court grants Plaintiff's motion to remand to state court.

**I. Factual and Procedural Background**

On December 20, 2007, Plaintiff filed its petition in Sedgwick County against a diverse defendant, Venjakob, and a non-diverse defendant, Fire Protection Services, Inc. ("FPS"). Plaintiff

alleged five causes of action arising out of a fire in a spraying machine. Defendant Venjakob removed the case on March 19, 2008 alleging that Plaintiff had fraudulently joined FPS in an effort to defeat diversity jurisdiction. Plaintiff filed a motion to remand. The Court found that "[a]lthough Plaintiff's petition is minimal against Defendant FPS, under Kansas' liberal pleading requirements, Plaintiff has stated a negligence cause of action against Defendant FPS" and determined that Defendant FPS was not fraudulently joined. The case was remanded to state court on January 8, 2009.

On June 29, 2009, Plaintiff voluntarily dismissed FPS, the non-diverse defendant, by filing a Stipulation for Dismissal Without Prejudice. On July 20, 2009, Defendant Venjakob removed the case for a second time.[1] Defendant stated that, pursuant to 28 U.S.C. § 1446(b), its removal was filed less than 30 days after it had become ascertainable that the case had become removable. Defendant also contended that the one-year time limit in § 1446(b) barring removal more than 1 year after commencement of the action should be equitably tolled due to Plaintiff's alleged forum manipulation.

Plaintiff again filed a motion for remand asserting that Defendant's removal was untimely under § 1446(b) because it was filed more than one year after the commencement of the action, and the time limit should not be equitably tolled because there was no evidence of forum manipulation. Plaintiff's motion for remand is currently before the Court.

---

[1] When the case was removed for the second time, it was assigned a different case number, but it was assigned to the same undersigned judge.

## II. Legal Standard & Analysis

A civil action filed in state court is only removable if the action could have originally been brought in federal court.[2] Jurisdiction based on subject matter requires that the amount in controversy exceed $75,000 and that each defendant is a resident of a different state than each plaintiff.[3] Even if the case was not originally removable to federal court, it may be become removable if subsequent developments demonstrate that federal jurisdiction exists.[4]

28 U.S.C. § 1446(b) provides:

> The notice of removal of a civil action or proceeding shall be filed within thirty days after the receipt by the defendant, through service or otherwise, of a copy of the initial pleading setting forth the claim for relief upon which such action or proceeding is based, or within thirty days after the service of summons upon the defendant if such initial pleading has then been filed in court and is not required to be served on the defendant, whichever period is shorter.
> If the case stated by the initial pleading is not removable, a notice of removal may be filed within thirty days after receipt by the defendant, through service or otherwise, of a copy of an amended pleading, motion, order or other paper from which it may first be ascertained that the case is one which is or has become removable, except that a case may not be removed on the basis of jurisdiction conferred by section 1332 of this title more than 1 year after commencement of the action.

Federal removal jurisdiction is statutory in nature and is to be strictly construed.[5] "There is a presumption against removal jurisdiction," and the burden is on the removing party to show the propriety of the removal.[6] "[T]he time limitations found in the statute are to be strictly enforced and

---

[2] 28 U.S.C. § 1441(a).

[3] 28 U.S.C. § 1332.

[4] 28 U.S.C. § 1446(b).

[5] *First Nat'l Bank & Trust v. Nicholas*, 768 F. Supp. 788, 790 (D. Kan. 1991).

[6] *Laughlin v. Kmart Corp.*, 50 F.3d 871, 873 (10th Cir. 1995).

are not subject to extension by consent of the parties or order of the court."[7] Any doubts about the validity of a removal are resolved in favor or remand.[8]

First, Plaintiff argues that this Court has already established the law of the case. Plaintiff contends that Defendant's second attempt at removal is untimely and merely an attempt to relitigate the previous fraudulent joinder issue decided by the Court. Defendant asserts that the law of the case doctrine does not preclude its second notice of removal because the circumstances changed following the initial remand.

"Under the law of the case doctrine, '[a] legal decision made at one stage of litigation, unchallenged in a subsequent appeal when the opportunity to do so existed, becomes the law of the case for future stages of the same litigation, and the parties are deemed to have waived the right to challenge that decision at a later time.'"[9] Previously, Defendant removed the case asserting that the non-diverse defendant was fraudulently joined and that Plaintiff could not state of cause of action against the non-diverse defendant. Now, Defendant removes the case asserting that all parties are diverse because the non-diverse defendant is no longer a party to the case because it was dismissed.[10] The circumstances have changed as Defendant has asserted a different ground for removal and is not relitigating the same joinder issue because the non-diverse defendant is no longer a party to the

---

[7]*First Nat'l Bank*, 768 F. Supp. at 790.

[8]*Fajen v. Found. Reserve Ins. Co.*, 683 F.2d 331, 333 (10th Cir. 1982).

[9]*Weston v. Harmatz*, 335 F.3d 1247, 1255 (10th Cir. 2003) (quoting *Concrete Works of Colo., Inc. v. City & County of Denver*, 321 F.3d 950, 992 (10th Cir. 2003)).

[10]Plaintiff cites to several cases that allegedly stand for the "law of the case" doctrine that precludes Defendant from relitigating the fraudulent joinder issue. However, even one of the cases Plaintiff cites to states that "if *nothing of significance* changes between a defendant's first and second attempts to remove a case, the prior remand order is the law of the case." *See Grover v. Comdial Corp.*, 275 F. Supp. 2d 750, 754 (W.D. Va. 2003) (emphasis added). As noted, something of significance did change between Defendant's first and second attempts in this case in that the non-diverse party is no longer a party.

case. However, in arguing that the timeframe should be equitably tolled, Defendant is partially relying on its previous fraudulent joinder argument to assert forum manipulation. Although the Court finds that the circumstances have changed so that Defendant is not legally barred from bringing a second removal, it will rely on its previous opinion in considering the issue of fraudulent joinder.

Second, Plaintiff asserts that the plain language of the statute bars removal one year after the case is commenced. In addition, Plaintiff asserts that there is no evidence of forum manipulation and states that it dismissed FPS after consulting with experts and evaluating the potential for a successful and cost-effective recovery against FPS. Defendant asserts that Plaintiff has refused to explain or justify its arbitrary decisions to add and drop a non-diverse defendant. Defendant contends that Plaintiff's failure to justify its decision indicates that Plaintiff is manipulating the forum and warrants the equitable tolling of the one-year time limit in § 1446(b). Neither the Tenth Circuit nor the District of Kansas have addressed equitable tolling of the one-year time limit for removal under 28 U.S.C. § 1446(b).[11]

Defendant argues that the facts in this case are similar to the facts in *Tedford v. Warner-Lambert Co.*,[12] in which the Court of Appeals for the Fifth Circuit found that plaintiff had engaged in forum manipulation and therefore, equity demanded that plaintiff be estopped from seeking to

---

[11] Both Plaintiff and Defendant rely on cases from outside this jurisdiction for support of their positions. Recently, this Court decided that an action commenced when the initial pleading was filed for purposes of § 1446(b), and the plain language of the statute barred removal more than one year after the commencement of that action. *See Jackman v. Select Speciality-Hospital-Kansas City, Inc.*, 2009 WL 3672509 (D. Kan. Nov. 2, 2009). In that opinion, the Court noted that "'although some courts have applied the principle of equitable tolling to permit removal beyond the one-year deadline,' courts in the Tenth Circuit have strictly construed the removal statute and have not allowed an equitable exception." *Id.* at *3, n.13 (citations omitted). In that case, there was no allegation of forum manipulation or that an equitable exception applied. *Id.*

[12] 327 F.3d 423 (5th Cir. 2003).

remand the case on the basis of the one-year limit in § 1446(b).[13] In *Tedford,* the plaintiff could not state a cognizable claim under state law against the non-diverse defendant because she had not yet suffered any injury.[14] After plaintiff learned of the defendant's intent to remove, she amended her complaint and added a non-diverse defendant.[15] Then, the plaintiff post-dated a notice of nonsuit prior the expiration of the one-year time limit, but she did not file the document with the court until after the one-year anniversary of the filing of her complaint.[16] The Fifth Circuit found that those facts demonstrated that plaintiff engaged in a forum manipulation and allowed defendant to remove the case past the one-year time limit contained in § 1446(b) on equitable considerations.

The facts in that case, however, differ from the facts in this case. Here, the Court previously found that Plaintiff stated a claim against the non-diverse defendant in the original complaint. Although the Court noted that Plaintiff's claims against FPS were minimal, it found that they were sufficient under Kansas' liberal pleading rules.[17] Once the case was remanded to state court, Plaintiff did not dismiss the non-diverse defendant for over six months.[18] As such, the Court finds that the facts are not analogous and declines to take the position of the *Tedford* court.

---

[13]*Id*. at 427-28.

[14]*Id.* at 427, n. 11.

[15]*Id*. at 427.

[16]*Id.* at 427-28.

[17]The Court also notes that it took approximately eight months from the date Plaintiff filed its motion for remand in April, 2008 until the Court issued its decision in January, 2009 remanding the case to state court. Plaintiff played no part in the length of time it took the Court to issue its decision, and Plaintiff had no control over the running of the clock in § 1446(b). When the Court issued its decision on January 8, 2009, the one-year limit in §1446(b) had already ended.

[18]While Defendant contends that Plaintiff did not engage in any meaningful discovery during this six-month period, Plaintiff states that it consulted with its experts.

The language of the statute is clear that a case may not be removed more than one year after the commencement of the action. Here, the original action was filed on December 20, 2007. Although Defendant filed its first removal on March 19, 2008, the case was remanded in early 2009, and Defendant's second removal was filed on July 20, 2009. The propriety of the second removal is currently before the Court, and it was filed more than one year after the initial action was commenced. As such, Defendant's removal is untimely.[19]

Even if the Court were to apply equitable considerations, it is not clear to this Court that Plaintiff engaged in forum manipulation. Plaintiff asserts that after consulting with experts and evaluating the potential for a successful and cost-effective recovery against FPS, it dismissed FPS as a party. This appears reasonable and occurred six months after the case was remanded to state court. In addition, the Court's previous finding that Plaintiff did not fraudulently join FPS, the non-diverse defendant, supports and bolsters the Court's current finding that it is not clear that Plaintiff engaged in forum manipulation. Without a clear showing of forum manipulation, the Court would decline to apply equitable tolling in this case even if equitable principles would apply to § 1446(b).

Finally, Plaintiff seeks sanctions for Defendant's untimely second removal. Plaintiff argues that nothing of significance changed between the first and second attempts of removal and that Defendant lacked an objectively reasonable basis for seeking the instant removal. Plaintiff seeks all costs, expenses and reasonable attorney fees associated with the prosecution of the instant removal.

---

[19]*See also Smith v. Time Ins. Co.,* 2009 WL 2869297 (D. Colo. Sept. 3, 2009) (construing the removal statute strictly and declining to apply equitable tolling to § 1446(b); *Medley v. RAG Am. Coal*, 2005 WL 2401867 (D. Utah Sept. 28, 2005) (same); *Caudill v. Ford Motor Co.*, 271 F. Supp. 2d 1324 (N.D. Okla. 2003) (same)).

28 U.S.C. § 1447(c) provides in part that "[a]n order remanding the case may require payment of just costs and any actual expenses, including attorney fees, incurred as a result of the removal." A court's decision to grant a fee award is discretionary.[20] To award fees under § 1447(c), there must be a showing that the removal was improper.[21] Although a showing of bad faith is unnecessary for the imposition of fees, "the propriety of the defendant's removal continues to be central in determining whether to impose fees."[22]

Here, as noted above, the circumstances changed from the first removal and the second removal in that the non-diverse party is no longer a party to the case, so there is complete diversity of the parties. Removal would be proper, but § 1446(b) precludes removal "more than 1 year after commencement of the action." Defendant cites to several courts that have relied on equitable principles in allowing the defendant to remove the case more than one year after the case was commenced. As Defendant notes, the Tenth Circuit and District of Kansas have not decided this specific issue. As such, Defendant's assertion that equitable considerations might allow a defendant to remove a case one year after commencement of the action was plausible.[23] Although the Court has determined that remand is necessary in this case because the statutory language is clear that a case may not be removed more than one year after commencement and it is not clear that Plaintiff engaged in forum manipulation, it declines to impose sanctions on Defendant's second removal.

---

[20]*Baby C v. Price*, 138 Fed. Appx. 81, 84 (10th Cir. 2005) (citing *Suder v. Blue Circle, Inc.*, 116 F.3d 1351, 1352 (10th Cir. 1997)).

[21]*Suder*, 116 F.3d at 1352.

[22]*Daleske v. Fairfield Communities, Inc.*, 17 F.3d 321, 324 (10th Cir. 1994) (citation omitted).

[23]In *Jackman*, this Court found that the statutory language in § 1446(b) was clear in establishing an outside one-year bar on removal. *Jackman*, 2009 WL 3672509, at *3. This opinion, however, was issued after the parties in this case had completely briefed this issue and did not address equitable considerations.

**IT IS ACCORDINGLY ORDERED** this 11th day of January, 2010 that Plaintiff's Motion to Remand (Doc. 8) is hereby granted, and Plaintiff's request for sanctions is denied.

**IT IS SO ORDERED.**

/s Eric F. Melgren
ERIC F. MELGREN
UNITED STATES DISTRICT JUDGE